## TRUST CREATED TO AVOID A GUARDIANSHIP.

Common Pleas Court of Hamilton County.

HELEN ZIEGLE v. JAMES M. BARR, TRUSTEE.

Decided, December 27, 1922.

*Trust Deed of an Aged Woman Set Aside—Inducement Found to have been Fear of a Guardianship—Competency of Evidence.*

The plaintiff, when approaching eighty years of age and exhibiting eccentricities and some degree of senility, executed a deed conveying all of her estate, amounting to $65,000, to a trustee upon whom the broadest powers were conferred without bond, the estate to pass at her death to her heirs and devisees. The making of the deed was induced by the hope of thus preventing the carrying out of an intimation, made in her hearing at a conference regarding her affairs (at which the probate judge and a number of attorneys were present), that the case was probably one for the appointing of a guardian of person and state. Soon after thus executing the trust, a suit was filed by her to set the deed aside and terminate the trust. Thereafter she was placed under guardianship. *Held:*

1. That the testimony of the attorney, who acted as a witness to the deed, and also as notary, was competent when limited to the mental condition of the grantor at the time the document was executed and to the fact of its having been read and explained to her.

2. The statement of a physician on the witness stand, that at the time of which he was speaking (which was a year after execution of the de d) she was of unsound mind and had been for ten years, raised a question of the weight rather than competency of his testimony.

3. That in view of all the circumstances of the case, the prayer of the petition should be granted and the petitioner and her estate left under the jurisdiction of the probate court.

*M. G. Heintz*, for plaintiff.

*Nichols, Morrill, Stewart & Ginter*, for defendant.

DARBY, J.

The original petition was filed May 5, 1919, by Helen Ziegle to set aside a deed of trust and to terminate a trust thereby created, which deed was made by her January 25, 1919, to the defendant, James M. Barr, trustee.

The deed purports to convey to the trustee certain real estate, and also all the personal property of every kind and character belonging to the grantor. Most ample powers to collect the income, invest and re-invest it and to sell the property, are conferred upon the grantee. The grantee is required to "assign, transfer or pay unto the grantor, or such person or persons as she may designate, such portion of the principal of said property or funds in his hands, as he, the said trustee, may deem necessary or advisable for the best interests, happiness or comfort of the grantor." And upon the death of the grantor, the trustee is required to "transfer all the personal property remaining in his hands unto the executor or administrator of the estate of said grantor." And he is also required, upon the death of the grantor, to "convey all real estate remaining in his name as trustee to the devisees of said real estate under the will of the grantor, or to the heirs at law of said grantor in case said grantor leaves no last will and testament. The trustee was further required to "pay unto the grantor all of the income less necessary expenses."

It will thus be seen that this trust was created for the benefit of the grantor. The circumstances under which the deed of trust was made were substantially as follows:

Mrs. Ziegle was at the time close to eighty years of age; her husband had died several years before, leaving certain stock in a company in the hands of Guy W. Mallon as trustee. A strong feeling of aversion against Mr. Mallon was entertained by Mrs. Ziegle. She was a woman who had for many years been in poor health and had mental peculiarities and eccentricities to a marked degree. Her aversion to Mr. Mallon and her desire to be rid of his control of the stock referred to, led her in the middle of January, 1919, to visit the probate court to consult Judge Lueders. He declined to discuss her case with her in the absence of Mr. Mallon and other persons who were interested in her, and a later appointment was made at which were present Judge Lueders, Mrs. Ziegle, Mr. Mallon, Mr. Henry K. Gibson, attorney for Mrs. Ziegle, Mr. Barr, the defendant in this case, and one Schrenck, who was an employee on the property of Mrs. Ziegle. Some discussion of the affairs of Mrs. Ziegle was had, during which she made certain accusations against Mr. Mallon, and other statements were made by her which prompted Judge Lueders to remark in her hearing that she had senile dementia and that a guardian for her was necessary. These statements and their import were understood by Mrs. Ziegle and greatly excited her, and immediately afterward she declared that if an attempt were made to appoint a guardian for her she would commit suicide, or would leave the jurisdiction of the court so that service on her could not be had. Threats against her own life and safety were so marked that it was feared that she would carry them into effect, and thereupon the plan was evolved of a trust deed by which she was to divest herself of all of her property.

It is proven conclusively that Mrs. Ziegle was induced to make this deed to avoid the appointment of the guardian with the shadow beyond of incarceration as an insane person. The competent evidence in the case which the court has allowed to remain in the record and be considered, shows beyond any question that it was this fear upon her part that induced her to

make the deed. The testimony of Mr. Barr and Mr. Gibson leaves this matter beyond all question of doubt. It appears that after the scene in the probate court in which the guardian was threatened and while the matter of the trust deed was under discussion, so great was the aversion of Mrs. Ziegle to either the guardianship or trust deed that she proposed that they should go into the probate court and contest the matter of the appointment of a guardian, which she felt she could defeat. After the necessary discussion relative to the making of the deed and its terms, it was executed on the day in question and the only persons present at that time were the attorney, Mr. Gibson, and her physician, Dr. Shields, both of whom acted as witnesses, and Mr. Gibson acted as notary public.

Considerable evidence was offered reflecting upon the mental condition of Mrs. Ziegle at the time the deed was executed. The court has not deemed it necessary in the case to attempt to determine just what her mental condition was at the time. Suffice it to say that there was evidence of a greatly disturbed mental condition as a result of the threat of guardianship, and the testimony is in conflict as to whether or not she was really capable of understanding this transaction. The deed was dated January 25, 1919, and this suit to terminate the trust and set aside the deed was filed on May 5, 1919. It appears that on December 21, 1921, the probate court declared Helen Ziegle an incompetent, and on January 19, 1922, Frank R. Gusweiler was appointed as guardian of her person and estate, and he filed his supplemental petition in this cause, setting out among other things, that claims of the aggregate sum of $2,500 had been presented to him as guardian, and that he is unable to pay the same because all of the property of his ward is in the possession of the defendant, the personal estate amounting to some $65,000. The evidence showed that certain doctor's bills and an attorney's bill, aggregating some $2,000 or more had been presented to the guardian and were unpaid; also, that at least part of these bills had been presented to the trustee and he had failed to pay them.

It is claimed among other things by the plaintiff that this deed

is an involuntary deed, forced from her by the threat of appointment of a guardian, the effect of which was to cause her to contemplate self destruction. It is also claimed that the object in the mind of Mrs. Ziegle at the time was the prevention of the appointment of a guardian for her, and that a guardian having been appointed, the purpose of the trust really failed and that the guardian should administer her estate. On the other hand it is claimed that she was competent at the time of the execution of the deed and that her motive for making it is immaterial.

The situation at present is that the trustee has possession of all her property without bond, answerable to no court, acting with the widest latitude and greatest freedom as to the handling and disposition of her property, declining to make provision for the payment of certain of her legitimate bills. There is a guardian appointed by the probate court of this county to whom bills have been presented for payment, but who is unable to pay them, because he has no funds for that purpose. He is under bond, answerable for all of his acts to the probate court, and regulated as to his duties by the statutes of this state.

At the death of Mrs. Ziegle, under the trust deed, all the property is to be conveyed to her executor or administrator and devisees or heirs at law.

It has been suggested that a greater amount of evidence is required to revoke this deed than would be necessary to set aside a will. If that be granted, and if the rule that clear and convincing evidence is required to set aside this deed, there is most absolute evidence in the case that the deed would not have been drawn but for the threat of guardianship, the accusation of insanity, and the belief that the making of the deed would avoid the guardianship.

If this were a will contest and the evidence offered showed absolutely that the will was made under the same circumstances as are shown in this case, it is clear that it could not be sustained.

There was enough uncertainty in the mind of the attorney who drew this deed as to the mental condition of Mrs. Ziegle to impel him to have her mentally examined before the execu-

tion of a will which he drew for her after the deed was drawn. In her mental condition, which surely was weak, and in the physical condition in which she was shown to be, the accusation of insanity and the threat of guardianship with possible incarceration, in the opinion of the court destroys the voluntariness necessary to the lawful act or deed of any person.

The court is therefore of the opinion that under the circumstances of the case, and since the probate court has assumed jurisdiction over the person and property of Mrs. Ziegle, that the deed should be set aside and the trust terminated.

Certain questions of evidence arose on the trial which were at that time left in abeyance. It was assumed that Mr. Gibson, having acted as witness and notary in the execution of the deed, was competent to testify under General Code, Section 11494, as qualified by *Knepper et al.* v. *Knepper, Executor,* 103 Ohio State, 529, and the court has excluded from consideration all evidence given by Mr. Gibson as to his client's communications and his advice to her at times other than when the document was under course of execution. His testimony as to her mental condition and that the document was explained to her at the time of the execution remains in the record.

There was also objection to the testimony of Dr. Busch, who testified that the mental condition of Mrs. Ziegle in 1920 was unsound and had been so for ten years. The objection was made that his testimony to a condition after the execution of the instrument was incompetent. There are decisions both ways on this question, and the court is of the opinion that the objection goes more to the weight of the evidence than to competency. At any rate, it seems to be unimportant, as the court does not undertake to determine what her mental condition was at the time.

A decree may be entered in conformity with the foregoing decision.